UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHONSE WILLIAM HOPTOWIT, JR.,<br><br>    Defendant. | NO.  CR-02-2045-RHW<br>       CV-05-3072-RHW<br><br>**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** |

Before the Court is Defendant's Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 40), filed August 5, 2005. On June 4, 2002, Defendant pleaded guilty to two counts of sexual abuse and aggravated sexual abuse of minor children on an Indian Reservation, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2243(a). He was sentenced to 121 months of prison, 5 years of supervised release, and a $200 special penalty assessment.

**DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law. "Unless the motion, files, and records of the

ORDER DISMISSING § 2255 PETITION ~ 1

case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." § 2255. The Court may dismiss the motion if it plainly appears that the moving party is not entitled to relief. Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

Defendant asserts that his Constitutional rights were violated by a misapplication of U.S.S.G. § 2A3.1(b)(3)(A) (providing for a 2-level increase when the victim is in the custody, care, or supervisory control of the defendant.) He argues that by applying the 2-level increase without a finding beyond a reasonable doubt, the Court violated his right to trial by jury. *See United States v. Booker*, 125 S. Ct. 738, 749 (2005). In reviewing Defendant's § 2255 petition, it is clear that Defendant is not entitled to relief.

First, Defendant misunderstands *Booker*. After *Booker*, a defendant's rights are not violated unless the extra-verdict findings were made under a mandatory guidelines system. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system."). Thus, Defendant's argument should not be that his constitutional rights were violated because of judicial fact-finding but, rather, because the sentence was imposed by a judge who assumed the guidelines were mandatory.

Defendant also misunderstands the relief that *Booker* provides. He correctly points out that without the two-level increase under U.S.S.G. § 2A3.1(b)(3)(A), the guideline range would be lowered to 78-97 months. Defendant seeks resentencing to a term of no more than 97 months. If Defendant was entitled to resentencing, however, the Judge would not be obligated to sentence Defendant within the guideline range. *See Booker*, 125 S. Ct. at 750. In fact, the Judge may sentence

ORDER DISMISSING § 2255 PETITION ~ 2

Defendant up to the statutory maximum for aggravated sexual abuse, which is life in prison. 18 U.S.C. § 2241. Post-*Booker*, a timely appeal would be remanded to determine whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory. *See Ameline*, 409 F.3d at 1084. If the court responded affirmatively, the original sentence would be vacated and Defendant would be resentenced as described above. *Id.* at 1074. If the district court responded in the negative, the original sentence would stand, subject to appellate review for reasonableness. *Id.* at 1074-75.

Nevertheless, Defendant is not entitled to resentencing because his sentence was finalized without a pending appeal before January 12, 2005, when *Booker* was decided. *See United States v. Cruz*, 423 U.S. 1119, 1120 (9th Cir. 2005) (holding that *Booker* does not apply retroactively to convictions that became final prior to its publication).

For these reasons, Defendant is not entitled to any relief in the district court, and summary dismissal is proper.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Ct. Rec. 40) is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, to provide copies to the Defendant and counsel, and **close** the file.

**DATED** this 17th day of January, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\Hoptowit\Hoptowit.2255.order.wpd

ORDER DISMISSING § 2255 PETITION ~ 3